1   **WO**                        **NOT FOR PUBLICATION**

2

3

4

5

6

7              **IN THE UNITED STATES DISTRICT COURT**

8                **FOR THE DISTRICT OF ARIZONA**

9   **GARY W. SETTLE,**                     )
                                            )
10              **Plaintiff,**              )
                                            )
11          **vs.**                         )      **CIV 05-2471 PCT MEA**
                                            )
12   **PRESCOTT UNIFIED SCHOOL**            )      **MEMORANDUM AND ORDER**
     **DISTRICT,**                          )
13                                          )
                                            )
14              **Defendant.**              )
     _____       )
15

16          All of the parties have consented to the exercise of

17   magistrate judge jurisdiction over this case, including the

18   entry of final judgment.  Before the Court is Defendant's Motion

     for Summary Judgment (Docket No. 32).
19
                         **I. Procedural background**
20
            On August 15, 2005, Plaintiff, who is *pro se* in this
21
     matter, filed a complaint alleging Defendant denied him
22
     employment based on his disability.  The complaint alleges
23
     Defendant is liable to Plaintiff pursuant to the Americans with
24
     Disabilities Act ("ADA") and the Rehabilitation Act and seeks
25
     injunctive and monetary relief.
26
            On December 20, 2005, Plaintiff filed a motion to
27
     amend his complaint to add a claim Defendant also violated the
28

Age Discrimination in Employment Act, which motion was denied without prejudice. <u>See</u> Docket No. 20.[1]  The parties engaged in discovery, including the submission of disclosures and interrogatories. Plaintiff was deposed by Defendant. On August 22, 2006, Defendant filed a motion for summary judgment and a separate statement of facts in support of the motion for summary judgment. <u>See</u> Docket No. 32 & Docket No. 33. Defendant asserts judgment as a matter of law is appropriate because there are no disputed issues of material fact and there is no evidence to support the allegation that Defendant knew Plaintiff was disabled or to support the allegation Defendant did not hire Plaintiff because he was disabled.

On September 28, 2006, Plaintiff filed a *pro se* response to Defendant's motion for summary judgment. <u>See</u> Docket No. 35.  Defendant filed a reply to the response on October 10, 2006, and also filed an objection to Plaintiff's Separate Statement of Facts.  <u>See</u> Docket No. 36 & Docket No. 37.

**II. Standard for granting judgment as a matter of law**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law.  <u>See</u> <u>Anderson v.</u>

---

[1] The Court denied the motion to amend because Plaintiff had never presented an age discrimination claim to the EEOC, a jurisdictional prerequisite to asserting the claim in the District Court.

<u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986).

> For purposes of deciding a motion for summary judgment, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party, and "material" means that the fact is one that might affect the outcome of the suit under the governing law.

<u>United States v. One Parcel of Real Prop. with Bldgs.</u>, 960 F.2d 200, 204 (1st Cir. 1992). <u>See also Guidroz-Brault v. Missouri Pac. R.R. Co.</u>, 254 F.3d 825, 829 (9th Cir. 2001).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. at 2510.

When a party moving for summary judgment has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>,

475 U.S. 574, 586, 587, 106 S. Ct. 1348, 1356 (1986). ("[I]f the factual context renders respondents' claim implausible ... respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary."). The party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but instead must produce some significant, probative evidence tending to contradict the moving party's allegations, thereby creating a genuine question of fact for resolution at trial. Anderson, 477 U.S. at 248, 256-57; 106 S. Ct. at 2510, 2513-14 (holding the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24, 106 S. Ct. at 2553. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). Because plaintiffs bear the burden of proof at trial, defendants have no burden to negate plaintiffs' claims to prevail on their motion for summary judgment. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552-53. A defendant moving for summary judgment does not have the burden to produce any evidence showing the absence of a genuine issue of material fact. Id., 477 U.S. at 325, 106 S. Ct. at 2553-54. Instead,

-4-

1  the defendant's burden, as the party seeking summary judgment,
2  may be discharged by showing that there is an absence of
3  evidence to support the elements of plaintiff's claims. See id.
4  "The mere existence of a scintilla of evidence in support of the
5  plaintiff's position will be insufficient; there must be
6  evidence on which the jury could reasonably find for the
7  plaintiff." Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.
8  Additionally, the evidence presented in opposition to a motion
9  for summary judgment must be both probative and properly
10 supported. See Summers v. A. Teichert & Son, Inc., 127 F.3d
11 1150, 1152 (9th Cir. 1997); Zoslaw v. MCA Distrib. Corp., 693
12 F.2d 870, 883 (9th Cir. 1982).

13     The Court must consider a defendant's motion for
14 summary judgment construing all alleged facts with all
15 reasonable inferences favoring the plaintiff. See, e.g.,
16 Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir.), cert.
17 denied, 126 S. Ct. 749 (2005). Additionally, because Plaintiff
18 is pro se in this matter, the Court must liberally construe his
19 pleadings. See, e.g., Rodriguez v. Airborne Express, 265 F.3d
20 890, 897 (9th Cir. 2001). However, Plaintiff's pro se status
21 does not excuse his obligation to comply with the fundamental
22 requirements of the Federal Rules of Civil Procedure. See,
23 e.g., Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.
24 1994).

25     When determining if a plaintiff has met his burden of
26 producing evidence regarding an element on which he will bear
27 the burden of proof at trial, the Court may only consider
28
                              -5-

evidence which would be admissible at trial.  <u>See</u>, <u>e.g.</u>, <u>Ballen v. City of Redmond</u>, ___ F. 3d. ___, 2006 WL 2988177, at *6 (9th Cir.); <u>Orr v. Bank of Amer., NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002) (requiring documents offered as evidence of asserted facts to be authenticated, stating "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."); <u>Burch v. Regents of Univ. of Cal.</u>, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006), <u>quoting</u> <u>Beyene v. Coleman Sec. Servs., Inc.</u>, 854 F.2d 1179, 1182 (9th Cir. 1988) ("documents which have not had a proper foundation laid to authenticate them cannot support [or defend against] a motion for summary judgment.").[2]

Defendant asserts Plaintiff presents no evidence he is "disabled" as that term is defined by the ADA, or that

---

[2] Rule 56, Federal Rules of Civil Procedure provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Defendant regarded Plaintiff as disabled.   Defendant further contends there is no disputed issue of material fact regarding whether Defendant considered Plaintiff to be disabled and, therefore, that Defendant is entitled to judgment as a matter of law because Plaintiff cannot establish this element of his claim.   Defendant further asserts Plaintiff has admitted under oath he can present no evidence to support his allegation Defendant failed to hire him because he is disabled. Additionally, Defendant asserts it has articulated a legitimate, non-discriminatory reason for not hiring Plaintiff.

Plaintiff responds he is clearly disabled and that Defendant must have regarded him as disabled based on the apparent nature of his impairments.   Plaintiff contends he has raised a genuine issue of material fact as to whether Defendant regarded him as disabled and, therefore, that summary judgment is not properly granted.   Plaintiff further argues that Defendant hired less-experienced and less-qualified individuals than Plaintiff and, therefore, that Defendant's motive in failing to hire Plaintiff was discriminatory.

### III. Statement of facts

The following facts are not genuinely disputed, and are taken in the light most favorable to Plaintiff.

It is the policy of Defendant Prescott Unified School District ("Defendant" or "the District") to give preference to job applicants for a particular job position to employees who would be transferring to that position from another position within the District.   Docket No. 33 at para. 7 & Exh. H.   The

District also prefers to hire as teacher's aids individuals who are "previously well known to its teachers." Id. at para. 7. Each District school principal may recommend to the District governing board whom the principal would like to hire to fill any open teacher's aid position at their school. Id. at para. 6 & Exh. H.

Plaintiff has a bachelor's and a master's degree in Plant Science and Agricultural Biology. Id.; Docket No. 35 at 4. Plaintiff's course work included advanced math, literature, human relations, music, and Spanish. See Docket No. 35 at 4. Plaintiff worked as a substitute teacher's aid and as an in-classroom tutor in California for ten years prior to moving to Prescott, Arizona, in 2002 or 2003. Id. at 4 & Attach. (Plaintiff's affidavit); Docket No. 33 at paras. 3-4. Plaintiff worked three to four days per week, including at many long-term, same-classroom assignments, during his employment in California. Docket No. 35 at 4.

In 2004, Plaintiff applied for at least 14 positions of employment at the Prescott Unified School District. Id. at 5; Docket No. 33 at para. 5. Plaintiff also applied for two positions with the District in late 2003. Docket No. 35, Exh. B. Plaintiff also applied for four jobs with the District in 2005. Id., Exh. B.[3] Plaintiff was interviewed for three

---

[3] Defendant states Plaintiff applied for "14-17 instructional aid positions" in 2004. Docket No. 33 at para. 5. The record indicates Plaintiff applied for a total of 14 positions at Miller Valley Elementary School, Abia Judd Elementary School, Taylor Hicks Elementary School, Lincoln Elementary School, and Granite Mountain Middle School. Id., Exhs. B-G.

positions in 2004, but not selected for employment in these positions. Id., Exh. B; Docket No. 33 at para. 5.   Plaintiff was not interviewed for any of the other positions for which he submitted a job application to Defendant, in 2003, 2004, or 2005.   Docket No. 33 at para. 5.

Plaintiff allows that, in May of 2005, a District principal left a message asking him if he would like to apply for a job "diapering kids," for which job Plaintiff did not apply.   Docket No. 35, Exh. B at 2.

Plaintiff was interviewed for a position at Prescott High School by a panel of individuals.   Id. at para. 21.   The individual selected for the position had worked at Prescott High School for a number of years and was known to the teachers at the high school.   Id.   Plaintiff was interviewed for a position as an English Language Learner teacher's aid at Miller Valley Elementary School.   Id. at para. 8 & Exh. B.   Plaintiff was not chosen for that position; Defendant asserts the only other applicant for the position was selected because she was bilingual.   Id. at para. 8 & Exh. B.   Plaintiff was interviewed for a position as a one-on-one instructional aid at Abia Judd Elementary School.   Id. at para. 18 & Exh. C.   The individual chosen to fill this position "was a long time volunteer in the school's side-by-side reading program which was the exact type of work that was to be done in this position."   Docket No. 32 at 3.

Defendant asserts Plaintiff was not interviewed or selected for the other positions for which he applied "because

the principals at each of those schools selected either more highly qualified candidates or hired internal candidates with whom they had worked and who were very familiar with the school, teachers, and students." Id. at 4.  Plaintiff contends some of the individuals hired by the District for positions for which he applied were less-qualified, i.e., did not possess bachelor's or master's degrees, or they had fewer years of classroom experience than Plaintiff.  Docket No. 35, Attach.

Defendant does not dispute Plaintiff was born with cerebral palsy.  Docket No. 35.  Plaintiff walks with a limp and the clarity of his speech is noticeably impaired.  Id.; Docket No. 32 at 2.  Plaintiff asserts his cerebral palsy substantially limits his ability to acquire a job and to walk normally. Docket No. 35 at 2.  Plaintiff states his disability is "abundantly obvious to anyone upon meeting or speaking with him," and that his gait is "quite awkward and unsteady."  Id.

Defendant asserts the District was unaware Plaintiff had been diagnosed with cerebral palsy prior to February 28, 2005.  Docket No. 32 at 2.[4]  As support for this assertion Defendant produces the affidavit of an Assistant Superintendent, Dr. Reynolds, who "spoke with Mr. Settle on occasion regarding the current job openings and Mr. Settle's qualifications and found that they could communicate."  Id. at 5 & Exh. H. Plaintiff contends "Dr. Reynolds knew from our first meeting

---

[4] Defendant asserts it became aware of Plaintiff's diagnosis from Plaintiff's counsel.  Docket No. 32 at 2.  The Court notes Plaintiff is *pro se* in this matter.

that I had a disability or severe physical impairment and also did Personnel Specialist, Maria Reed." Id. at 6.  Plaintiff alleges Ms. Reed regularly communicated with District principals regarding open positions and applicants and, therefore, Ms. Reed's knowledge of Plaintiff's disability may be imputed to the principals recommending job applicants to the District.  Id.

Defendant further alleges Plaintiff has been employed as an instructional aid at Glassford Hill Middle School, which school is within a different Arizona school district, since the beginning of the 2004-2005 school year.  Docket No. 33 at para. 29.  Defendant alleges Plaintiff is currently employed as a teacher's aide for a fifth and sixth grade special education class, working approximately 32 hours per week at this position. Id.

Plaintiff asserts that, in June of 2004, when he inquired as to why he was not getting more interviews by the District, given his years of classroom experience and his master's degree, he was told by Dr. Reynolds that "the school principals get many applications and they are allowed to choose which applicant[s] they wish to call in for an interview.  The principals and committee choose who they think will be the better 'fit' for the position."  Docket No. 35, Exh. D.  When Plaintiff stated he thought he was being discriminated against because he is disabled, the Assistant Superintendent's response was "they are both objective and subjective.  They are allowed to be subjective in who they want and they are objective in judging other matters."  Id., Exh. D.

-11-

## IV. Discussion

Plaintiff alleges that Defendant is liable to him for discrimination based on his disability, i.e., Plaintiff has cerebral palsy.  Plaintiff asserts that Defendant's failure to hire him was improperly based on this disability.

### A.   The Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") bars job discrimination which is based on an otherwise-qualified individual's disability.   To survive a motion for summary judgment on his ADA claim, the plaintiff must meet his burden of producing admissible evidence in support of each element of his prima facie case.  See Wellington v. Lyon County Sch. Dist., 187 F.3d 1150, 1154 (9th Cir. 1999).  Specifically, the plaintiff must produce some evidence showing: (1) that he was "disabled" within the meaning of the ADA; (2) that he was "qualified," for the job positions for which he applied, i.e., he was able to perform the essential functions of the job at issue, with or without a reasonable accommodation; and (3) that the defendant knew of his disability and did not hire him at least in part because of his disability.  See Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir. 2003); Snead v. Metropolitan Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999); Dyke v. O'Neal Steel, Inc., 327 F.3d 628, 632 (7th Cir. 2003).

An individual is considered "disabled" under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such

-12-

individual," or if he has "a record of such an impairment," or
he was "regarded" as having such an impairment by the defendant
employer. See 42 U.S.C. § 12102(2) (2005 & Supp. 2006); Dyke,
327 F.3d at 632.[5]  Arguably, if the plaintiff does not produce
some evidence the defendant was aware the plaintiff was
disabled, or that the defendant "regarded" the plaintiff as
disabled, the plaintiff has not established an element of his
prima facie case of discrimination in violation of the ADA.  See
Miller v. National Cas. Co., 61 F.3d 627, 629 (8th Cir.
1995)("[A]n employer is not expected to accommodate disabilities
of which it is unaware."); Hedberg v. Indiana Bell Tel. Co., 47
F.3d 928, 934 (7th Cir. 1995); Gretillat v. Care Initiatives,
414 F. Supp. 2d 901, 909 (N.D. Iowa 2006).

        If the plaintiff establishes his prima facie case, the
defendant employer must offer a legitimate non-discriminatory
reason for the adverse employment decision.  If the employer
offers a legitimate reason for its action that is unrelated to
the employee's disability, the plaintiff will bear the burden of

---

[5]
      The Supreme Court has noted that in order to make
out a claim under the "regarded as" prong, "it is
necessary that a covered entity entertain
misperceptions about the individual."  Sutton,
119 S. Ct. at 2150. These misperceptions may take
the form of believing "either that one has a
substantially limiting impairment that one does
not have or that one has a substantially limiting
impairment, when, in fact, the impairment is not
so limiting."  Id.

Krocka v. City of Chicago, 203 F.3d 507, 514 (7th Cir. 2000).

-13-

establishing that the proffered reason is a pretext for intentional discrimination. <u>Snead</u>, 237 F.3d at 1093-94. The Ninth Circuit Court of Appeals recently concluded "the ADA does not require that a discriminatory impetus have been the <u>only</u> motive for an adverse employment action. [] Rather, the ADA outlaws adverse employment decisions motivated, <u>even in part</u>, by animus based on a plaintiff's disability or request for an accommodation--a motivating factor standard." <u>Dark v. Curry County</u>, 451 F.3d 1078, 1084-85 (9th Cir. 2006) (emphasis in original), <u>petition for cert. filed</u>, 75 U.S.L.W. 3207 (Oct. 3, 2006) (internal citations and quotations omitted); <u>Head v. Glacier Nw. Inc.</u>, 413 F.3d 1053, 1059 (9th Cir. 2005) (applying a "motivating factor" standard to ADA claims of discrimination). <u>Compare</u> <u>Snead</u>, 237 F.3d at 1093 (stating the plaintiff bears the burden of proving his disability influenced the defendant's decision not to hire the plaintiff if the defendant "disclaims any reliance" on the plaintiff's disability in reaching an employment decision). The plaintiff bears the burden of persuading the fact-finder that the defendant's motive for the employment decision is a pretext for their intentional discrimination and of establishing this fact by a preponderance of the evidence. <u>See</u> <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000); <u>Snead</u>, 237 F.3d at 1093. <u>Cf.</u> <u>Raytheon Co. v. Hernandez</u>, 540 U.S. 44, 53-54, 124 S. Ct. 513, 519-20 (applying the McDonnell Douglas burden shifting analysis to an ADA claim). If the plaintiff offers only circumstantial evidence the proffered reason is pretextual,

-14-

the evidence must be both specific and substantial to withstand summary judgment.  See Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1066 (9th Cir.2003).

A plaintiff may meet his burden of establishing the employer's discriminatory motive by producing admissible evidence indicating the defendant's proffered explanation for not hiring the plaintiff is unworthy of credence.  Hernandez v. Hughes Missile Sys. Co., 362 F.3d 564, 568 (9th Cir. 2004).  At this stage of the analysis, the Court may consider circumstantial evidence from which a reasonable jury could conclude that the plaintiff's disability actually motivated the defendant's adverse employment decision.  Id.

### B. Analysis

Plaintiff contends he is *per se* disabled because he has cerebral palsy.  Plaintiff asserts Defendant must have regarded him as disabled because his speech impediment and abnormal gait are readily apparent to anyone he meets.  Docket No. 35 at 2.  Defendant contends it did not "regard" Plaintiff as "disabled," and that the District did not have actual knowledge Plaintiff suffers from cerebral palsy until February of 2005.  Docket No. 32 at 2.

Assuming, for the sake of argument, Plaintiff has established a material issue of fact with regard to his prima facie case of discrimination,[6] Defendant is still entitled to

---

[6] A plaintiff's affidavit stating they are substantially limited in a major life activity is generally sufficient to create a disputed issue of material fact precluding summary judgment on this issue.  See Head v. Glacier Northwest Inc., 413 F.3d 1053, 1059 (9th

judgment as a matter of law in this matter.  Plaintiff has not met his burden to produce evidence rebutting Defendant's alleged non-discriminatory motive for not hiring Plaintiff.

Plaintiff maintains the District violated the ADA by choosing to hire candidates who were personally better known to the principal and staff "rather than a more qualified (more educated; more directly experienced) instructional aide who happens to have a disability."  Docket No. 35 at 5.  Plaintiff argues Defendant's discriminatory motive is established by "evidence," arguably not in admissible form, that the people hired instead of Plaintiff were less-qualified for these positions than Plaintiff because they did not have bachelor's degrees or as much classroom experience.  Id., Exh. B & Exh. C.  Plaintiff argues the ADA requires a disabled person "must be hired" if he "is the most qualified (educated and experienced) compared to the other candidates."  Id. at 6.

Defendant asserts Plaintiff has not produced evidence disputing Defendant's legitimate, non-discriminatory reasons for hiring other candidates for the positions for which Plaintiff applied.  Docket No. 36 at 2.  Defendant asserts Plaintiff was not the "best qualified candidate" for any of the positions for

Cir. 2005).  However, to establish he has a substantial limitation, Plaintiff would have to demonstrate he is "significantly" restricted in his ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  See Thompson v. Holy Family Hosp., 121 F.3d 537, 540 ().  The inability to perform one particular job does not constitute such a limitation.  See id.

which he applied, and that "[t]he District's choice to not hire [Plaintiff] has nothing to do with his cerebral palsy." Id. Defendant states: "Although the District noticed that [Plaintiff] limped and that his speech was slow, there is no evidence that the District considered these physical capacities when offering the positions to other individuals." Id.

As noted supra, to defeat Defendant's motion for summary judgment, Plaintiff's evidence regarding the pretextual nature of Defendant's motive for not hiring him must be both specific and substantial. Plaintiff has not produced substantial, admissible evidence establishing Defendant's reason for not hiring him is unworthy of credence. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir. 1996) (emphasizing the plaintiff must produce enough evidence to allow a reasonable trier of fact to conclude that a discriminatory reason likely motivated the defendant or the defendant's explanation is unworthy of credence); Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996) ("To avoid summary judgment, [the plaintiff] "must do more than establish a prima facie case and deny the credibility of the [defendant's] witnesses"), quoting Wallis v. J.R. Simplot, 26 F.3d 885, 890 (9th Cir. 1994).

Construing the facts in the light most favorable to Plaintiff does not require the Court to equate Defendant's awareness of Plaintiff's disability with the conclusion any employment decision was predicated on his disability. Plaintiff has provided no admissible evidence that Defendant's hiring

-17-

decision was based in <u>any</u> part on his disability.  Plaintiff admitted in his deposition he could produce no direct evidence of a discriminatory motive.  Docket No. 33, Exh. A.  As a matter of federal law, Defendant was not required to give hiring preference to a disabled person based on any stated objective criteria of experience or qualification based on education level; Defendant is prohibited from denying employment to a qualified individual based on that individual's disability.

The "evidence" offered by Plaintiff that less-qualified individuals were hired for positions for which he applied is arguably not admissible evidence.  <u>See</u> <u>Fonseca v. Sysco Food Serv. of Ariz., Inc.</u>, 374 F.3d 840, 846-47 (9th Cir. 2003); <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1037 (9th Cir. 2003) (concluding declarations containing hearsay are admissible for summary judgment purposes if they "could be presented in an admissible form at trial.").  However, even if admissible, this information does not establish Defendant's proffered motive for failing to hire Plaintiff is unworthy of credence; Defendant asserts individuals are hired based, in part, on their previous experience with the District, an assertion not contradicted by the evidence offered by Plaintiff.  Plaintiff has not produced significant, probative evidence tending to contradict Defendant's assertion they had a legitimate, non-discriminatory primary motive for declining to hire Plaintiff.  Therefore, there is no "genuine" question of fact for resolution at trial regarding the threshhold question at issue in this matter.

## V. Conclusion

Defendant has proffered a legitimate, non-discriminatory reason for declining to hire Plaintiff, i.e., the District's preference for hiring candidates who are already working within the District or otherwise known to the District's teachers and staff. Although Plaintiff asserts the District should be hiring teacher's aides based on the applicant's education level and the number of years the individual has been employed as an instructional aide, this assertion does not establish the District's policy of not doing so is based on an animus towards disabled individuals generally or Plaintiff specifically. Plaintiff's bald assertion the District's policy is a pretext for its failure to hire Plaintiff because he is disabled is not sufficient to rebut the proffered legitimate reason for purposes of a motion for summary judgment. Because Plaintiff has not met his burden of producing admissible evidence on an element of his claim for relief on which he will bear the burden at trial, Defendant is entitled to judgment as a matter of law.

**THEREFORE, IT IS ORDERED THAT** Defendant's Motion for Summary Judgment [Docket No. 32] is **granted**. **Judgment** is hereby entered in favor of Defendantsand against Plaintiff with regard to all the claims stated in the Complaint, and Plaintiff is to take nothing thereby.

1        **IT IS FURTHER ORDERED** that, as a result of the Court's

2    determination   that   judgment   in   favor   of   Defendant   is

3    appropriate,   the   Clerk   of   the   Court   shall   enter   judgment

4    accordingly.

5        DATED this 1st day of November, 2006.

6

7

8        _____

9                    Mark E. Aspey
                United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            -20-